UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC (JDEx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**        (In Chambers) Order to Show Cause

**I.
INTRODUCTION**

On October 13, 2020, Craig Cunningham ("Movant"), proceeding pro se, filed a "Motion for Sanctions and a finding of contempt" against Connexum, LLC ("Connexum") for an alleged failure to comply with Movant's subpoena from another district. Dkt. 1 ("Motion"). Connexum has not appeared or filed an opposition to the Motion.

Movant is currently pursuing an action filed in the United States District Court for the Eastern District of Texas, alleging violations of the Telephone Consumer Protection Act. See Cunningham v. Matrix Financial Services, LLC, Case No. 4:19-cv-00896-ALM-CAN (E.D. Tex.) ("TCPA Action"). In connection with the TCPA Action, Movant claims he "sent" a subpoena to nonparty Connexum on August 18, 2020, attaching a copy of an email Movant purportedly sent to "support" at the email address "support@connexumllc.com." Motion ¶ 1, Exh. A. Movant maintains that, to date, Connexum has not produced any documents responsive to his subpoena, filed any objections, or moved to quash "with any court." Id. ¶¶ 1, 3. He claims Connexum's "refusal to produce records is causing an unnecessary delay in the [TCPA Action] and is preventing [him] from identifying parties . . . ." Id. ¶ 2.[1] Movant requests that the Court sanction Connexum $10,000 for not responding to the subpoena, hold it in contempt, sanction it $500 per day for each additional day that it refuses to provide responses, from

---

[1] It is unclear whether the parties have communicated regarding the subpoena. Movant vaguely states that "[i]n this case, Connexum claimed that getting phone records would cost something on the order of $15,000." Id. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC (JDEx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

the date of service of the subpoena, and order Connexum to produce the documents. Id. at ¶¶ 4, 10.

As explained below, Movant has failed to present evidence demonstrating that Connexum was properly served with either this Motion or the subpoena. As such, Plaintiff is ordered to show cause why the action should not be dismissed for lack of jurisdiction and failure to demonstrate a lack of compliance with a properly served subpoena.

**II.**
**RELEVANT LAW**

Under Rule 45 of the Federal Rules of Civil Procedure, a party may serve a subpoena commanding a nonparty to produce and permit inspection of documents. Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 642 (E.D. Cal. 2014). The "subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." Europlay Cap. Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (citation omitted). "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A).

Rule 45(b)(1) provides that service of a subpoena "requires delivering a copy to the named person . . . ." While the Ninth Circuit has not determined whether Rule 45 requires personal service, In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019, most courts interpret Rule 45(b) to require personal service of the subpoena. See Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases where Rule 45(b) is understood to require personal service of the subpoena); see also In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3; Bond v. Arrowhead Reg'l Med. Ctr., 2014 WL 12853149, at *3 (C.D. Cal. Apr. 9, 2014); Omnisure Grp., LLC v. Auto. Consumer Servs. Corp., 2013 WL 12155194, at *1 (C.D. Cal. May 15, 2013).

Under Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Proc. 45(g). Civil contempt is intended "to coerce [a party] into compliance with the court's order" or "to compensate the complainant for losses sustained" from the noncompliance. Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) (quoting United States v. United Mine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC (JDEx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

Workers of Am., 330 U.S. 258, 303-04 (1947)). Additionally, where "a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion." Morgutia-Johnson v. City of Fresno, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015) (citing SEC v. Hyatt, 621 F.3d 687, 696-97 (7th Cir. 2010)); see also Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975)).

To establish civil contempt, the moving party must show by clear and convincing evidence that the contemnor has violated a clear and specific court order. When the moving party has met this initial requirement, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible. See F.T.C. v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999); Molina v. City of Visalia, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . . Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command." Fed. R. Civ. P. 45 advisory committee's notes to 2013 Amendment.

**III.**
**DISCUSSION**

Here, it appears the Motion should be denied because Movant has failed to demonstrate that Connexum was properly served with the Motion or the subpoena. First, it appears Connexum was never properly served with the third party subpoena at issue. The only "proof of service" of the subpoena is an email to "support" at "support@connexumllc.com." Motion, Exh. A. As noted, most courts interpret Rule 45(b) to require personal service for subpoenas. Absent a showing of a waiver of service or other agreement to accept email service upon a generic "support" email box, the face of the Motion and its supporting papers does not show proper service, much less personal service, of the subpoena upon Connexum. Without proper service of the subpoena, there has been no lack of compliance with the subpoena, and the Motion must be denied.

Second, it is unclear whether Connexum has been provided proper notice of the Motion and an opportunity to be heard. See Morgutia-Johnson, 2015 WL 1021123, at *2. For the reasons described above, it does not appear Connexum was properly served with the subpoena, meaning, absent some other proper service, this Court does not have personal jurisdiction over Connexum for purposes of the Motion. Even were the subpoena to have been properly served on Connexum, under the Local Rules for this Court, a party must serve "[i]ndividuals who have not appeared in the case in this Court or who are not registered for the CM/ECF System . . . in accordance with [Federal Rules of Civil Procedure Rule] 5, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC (JDEx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

proof of service on such individuals must be made by declaration in the form required by [Local Rule] 5-3.1.2." C.D. Cal. Local Civil Rule 5-3.2.1. Rule 5 provides several methods to effect service, including by mailing the motion to the last known address of the opposing party, in which case "service is complete upon mailing." See Fed. R. Civ. P. 5(b)(2)(C). In this case, Plaintiff attached a "Certificate of Service" with a caption from the TCPA Action, stating, "a true copy of the foregoing was mailed to the attorney of record in [the TCPA action] and Connexum." Motion at 4 (CM/ECF pagination). Plaintiff provides no other information, including the address where the Motion was sent or the individual to whom it was mailed. Based on the current record, there is no indication here that Connexum was served with or otherwise received notice of the instant Motion. Civil contempt is a serious matter that should not be undertaken without evidence that the party against whom contempt is sought has notice that such proceedings are underway. See Ochoa v. Lopez, 2016 WL 9712071, at *3 (C.D. Cal. June 20, 2016) ("Civil contempt is serious business. Civil attorneys often don't realize that it can ultimately lead to the deprivation of a person's liberty . . . . So before a court enters a contempt order, it has to be sure that the alleged violator has received adequate notice of the potential consequences."); see also Cooke v. United States, 267 U.S. 517, 537 (1925) (parties to a contempt proceeding are entitled to adequate notice and an opportunity to be heard). In the absence of evidence verifying that Connexum was properly served and received notice of the Motion, the Court lacks jurisdiction to order compliance or impose other sanctions.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, Movant is ORDERED TO SHOW CAUSE, in writing, by no later than fourteen (14) days from the date of this Order why this Motion should not be denied for: (1) failure to properly serve the subpoena on Connexum; and (2) lack of evidence of service of the Motion. Movant may comply with this Order by filing a "Notice of Dismissal" dismissing the action without prejudice. The Clerk is directed to serve upon Plaintiff the Court's form Notice of Dismissal with this Order.

Initials of Clerk:   mba