UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC-JDE | Date | January 7, 2021 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**   (In Chambers) Order to Show Cause Re Contempt or Other Sanctions

## I.
## INTRODUCTION

On October 13, 2020, Craig Cunningham ("Movant"), proceeding pro se, filed a "Motion for Sanctions and a finding of contempt" to enforce an out-of-district, third party subpoena against Connexum, LLC ("Connexum"). Dkt. 1 ("Motion"). The dispute arises out of Connexum's alleged failure to respond to a subpoena issued by the United States District Court for the Eastern District of Texas ("ED Texas") in Cunningham v. Matrix Financial Services, LLC, Case No. 4:19-cv-00896-ALM-CAN (E.D. Tex.) ("Underlying Action").

On December 5, 2019, Movant filed the Underlying Action, alleging violations of the Telephone Consumer Protection Act. Movant filed the operative First Amended Complaint ("FAC") on May 4, 2020. Underlying Action, Dkt. 50. Several motions to dismiss the FAC are currently pending in the Underlying Action.

In connection with the Underlying Action, Movant claims he sent a subpoena to nonparty Connexum on August 18, 2020, attaching a copy of an email Movant purportedly sent to "support" at the email address "support@connexumllc.com." Motion ¶ 1, Exh. A. Movant maintains that, to date, Connexum has not produced any documents responsive to his subpoena, filed any objections, or moved to quash "with any court." Id. ¶¶ 1, 3. He claims Connexum's "refusal to produce records is causing an unnecessary delay in the [Underlying Action] and is preventing [him] from identifying parties . . . ." Id. ¶ 2. Movant requests that the Court sanction Connexum $10,000 for not responding to the subpoena,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC-JDE | Date | January 7, 2021 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

hold it in contempt, sanction it $500 per day for each additional day that it refuses to provide responses, from the date of service of the subpoena, and order it to produce the documents. Id. ¶¶ 4, 10. Connexum has not appeared or filed an opposition to the Motion.

On November 3, 2020, the Court issued an Order to Show Cause why the Motion should not be denied because Movant failed to demonstrate that Connexum was properly served with either the subpoena or the Motion. Dkt. 4 ("OSC"). On November 19, 2020, Movant filed a Response to the OSC, wherein Movant explained that he served the subpoena by email pursuant to an agreement and served the Motion by certified mail to the agent for service of process. Dkt. 5 ("Response").

In light of Movant's representations in his Response, the Court vacates the OSC and issues an Order to Show Cause why Connexum should not be held in contempt or sanctioned for failure to comply with Movant's subpoena for documents. In so doing, the Court makes no findings as to whether the subpoena or the Motion were properly served upon Connexum.

**II.
RELEVANT LAW**

Under Rule 45 of the Federal Rules of Civil Procedure, a party may serve a subpoena commanding a nonparty to produce and permit inspection of documents. Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 642 (E.D. Cal. 2014). The "subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." Europlay Cap. Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (citation omitted). "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A).

"Any person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). Further, Rule 45(b)(1) provides that service of a subpoena "requires delivering a copy to the named person . . . ." While the Ninth Circuit has not determined whether Rule 45 requires personal service, In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019), most courts interpret Rule 45(b) to require personal service of the subpoena. See Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases where Rule 45(b) is understood to require personal service of the subpoena); see also In re Subpoena to VaughnPerling, 2019 WL 8012372, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC-JDE | Date | January 7, 2021 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

*3; Morgutia-Johnson v. City of Fresno, 2015 WL 1021123, at *1 (E.D. Cal. Mar. 9, 2015); Bond v. Arrowhead Reg'l Med. Ctr., 2014 WL 12853149, at *3 (C.D. Cal. Apr. 9, 2014).

Under Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Proc. 45(g). Civil contempt is intended "to coerce [a party] into compliance with the court's order" or "to compensate the complainant for losses sustained" from the noncompliance. Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947)).

Additionally, where "a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion." Morgutia-Johnson, 2015 WL 1021123, at *2 (citing SEC v. Hyatt, 621 F.3d 687, 696-97 (7th Cir. 2010)); see also Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975)). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . . Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command." Fed. R. Civ. P. 45 advisory committee's notes to 2013 Amendment; see also Hyatt, 621 F.3d at 694-95.

To establish civil contempt, the moving party must show by clear and convincing evidence that the alleged contemnor violated a clear and specific court order. If the moving party meets this initial requirement, the burden shifts to the alleged contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible. See FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999); Molina v. City of Visalia, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015).

### III.
### DISCUSSION

The Court denies the Motion to the extent Movant seek an order finding Connexum in contempt at this time. As explained below, it remains unclear whether the subpoena was properly served or whether service of waived. It also does not appear that the Motion itself was personally served. To the extent Movant seeks an order to show cause why Connexum should not be held in contempt, that request is granted. Movant presented evidence that he emailed the subpoena to Connexum's support email account, "support@connexumllc.com." Motion, Exh. A; Response ¶ 4. Movant claims this was done pursuant to an oral agreement with Christopher Hall on August 18, 2020, who Movant maintains was previously

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC-JDE | Date | January 7, 2021 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

designated a Rule 30(b)(6) corporate representative of Connexum in an unrelated action, Cunningham v. Montes, Case No. 3:16-cv-00761-jdp (W.D. Wis.), as reflected in a partially legible deposition transcript submitted with Movant's Response, which indicates a "Christopher G. Hall" testified in May 2019 regarding four topics pursuant to a subpoena served on Connexum, although the topics do not appear to be specified in the legible portion of the transcript provided. Response ¶ 5, Exh. A. Movant also has submitted a recording of the telephone call as well as a transcript. During this telephone conversation, Movant advised an individual, identified only as "Chris," that he had "a subpoena" he needed "to get over to you guys" and asked how he "want[ed] that sent over," to which "Chris" responded, "Just send it to our support@connexumllc.com." Id., Exh. C. On the call, Movant advised "it's just for phone records." Id. "Chris" asked, "Didn't we talk once before?" Id. Movant responded, "We did," and followed up, "Same thing basically." Id. In response, "Chris" said, "Figured that," after which Movant and "Chris" discussed the timing of the response and the nature of the search. Id. Based on this conversation, Movant emailed the subpoena to the generic support email account, which he contends was sufficient to effect service of the subpoena. See id. ¶¶ 6-8. To date, Connexum has not responded to the subpoena or filed a response to the Motion. Connexum is ordered to show cause why it should not be held in contempt or sanctioned for failure to comply with a subpoena for documents.

Civil contempt is a serious matter that should not be undertaken without evidence that the party against whom contempt is sought has notice that such proceedings are underway. See Ochoa v. Lopez, 2016 WL 9712071, at *3 (C.D. Cal. June 20, 2016) ("Civil contempt is serious business. Civil attorneys often don't realize that it can ultimately lead to the deprivation of a person's liberty . . . . So before a court enters a contempt order, it has to be sure that the alleged violator has received adequate notice of the potential consequences."); see also Cooke v. United States, 267 U.S. 517, 537 (1925) (parties to a contempt proceeding are entitled to adequate notice and an opportunity to be heard).

Here, it is unclear whether Connexum has been provided adequate notice of the Motion. In his Motion, Movant included a "Certificate of Service" dated October 5, 2020 with a caption from the Underlying Action, certifying that "a true copy of the foregoing was mailed to the attorney of record in [the Underlying Action] and Connexum." Motion at 4 (CM/ECF pagination). Movant provided no other information, including the address where the Motion was sent or the individual to whom it was mailed. In his Response to the OSC, Movant claims he served Connexum by USPS certified mail with return receipt on October 26, 2020 (Response ¶ 10), which is six days after the date requested in the Motion for the production of the documents at issue (see Motion ¶ 10) and twenty-one days after his prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC-JDE | Date | January 7, 2021 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

representation of October 5. Movant purports to attach the return receipt from the USPS, but the delivery section does not identify who received the delivery, instead stating, "COVID 19" under the signature and received by portions of the receipt. Response, Exh. E. Movant has not offered any other evidence to demonstrate he attempted to personally serve the Motion or that Connexum received actual notice of the Motion.

Where, as here, Movant seeks contempt sanctions against a third party, the Court must have assurance that the nonparty actually receives notice and has a meaningful opportunity to respond. As such, as provided below, Movant shall personally serve this Order to Show Cause and the Motion on Connexum in accordance with Fed. R. Civ. P. 4.

Finally, although the Court does not rule on this issue at this time, there may be an issue with service of the subpoena. First, Rule 45(b)(1) does not authorize a party to serve a subpoena. Second, it is unclear whether emailing the subpoena was sufficient to properly effect service. Most courts interpret Rule 45(b) to require personal service for subpoenas. See 9A Arthur R. Miller, Federal Practice and Procedure Civ. § 2454 (3d ed. Oct. 2020 Update). Some courts have permitted substitute service of a Rule 45 subpoena under limited circumstances where "the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3 (quoting Chambers v. Whirlpool Corp., 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016)). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." Id. (quoting Fujikura Ltd., 2015 WL 5782351, at *5). Generally, emailing a subpoena is not sufficient to effect service and provide fair notice. See, e.g., Schneider v. CitiMortgage, Inc., 2014 WL 4749181, at *4 (D. Kan. Sept. 24, 2014) (finding email service insufficient to effect service of a subpoena); Bank of Okla., N.A. v. Arnold, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) (explaining that "[e]ven if the Court agreed that Rule 45 does not restrict the manner of service of a subpoena to personal service, the cases so holding have limited alternative service to that permitted under Rule 4 and have not extended it to email or facsimile").

Here, Movant does not provide evidence that he attempted to serve Connexum through in person service or identify any other efforts to ensure Connexum. There is no evidence that Connexum acknowledged receipt of the subpoena or that an authorized representative at Connexum actually received it.

A representative of a subpoenaed party can agree to accept service on behalf of the party, but only if the representative is authorized to do so. See, e.g., Inland Empire Foods,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-mc-00065-CJC-JDE | Date | January 7, 2021 |
|---|---|---|---|
| Title | Craig Cunningham v. Matrix Financial Services, LLC | | |

Inc. v. Zateca Foods, LLC, 2010 WL 11519370, at * 2 (C.D. Cal. Apr. 27, 2010) (finding service of subpoenas by mail upon counsel of subpoenaed parties "ineffective" under Rule 45 without a showing counsel was authorized to accept such service). As explained, Movant argues that "Chris" agreed during the August 2020 telephone call to accept email service of the subpoena on behalf of Connexum and asserts "Chris" is Christopher Hall, who Movant claims appeared as a Rule 30(b)(6) deposition designee for Connexum on four unknown topics more than a year earlier in another case. It is unclear whether "Chris" was authorized to accept service of a federal subpoena on behalf of Connexum in a manner other than that provided for in Rule 45. Being designated by a company to serve as a Rule 30(b)(6) witness on certain topics does not mean the person is authorized to accept service of subpoenas on behalf of the entity 15 months later. Movant also attaches a California Secretary of State LLC-12 form to his Response, which appears to indicate that as of February 2020, Mr. Hall was still a manager/member of Connexum, although Rose M. Amezcua-Moll was the designated agent for service of process. Response, Exh. F. Like the other exhibits, however, this does not resolve whether Mr. Hall was authorized to accept serve six months later.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, Connexum is ORDERED to show cause, in writing, within twenty-one (21) days of personal service of this Order why it should not be held in contempt and sanctioned. Connexum is advised that the failure to respond may be deemed an admission. See C.D. Local Civil Rule 7-12.

Movant is ORDERED to personally serve this Order and the Motion on Connexum in accordance with Fed. R. Civ. P. 4, which requires that service be made by someone who is not a party to the action. Movant shall file proof of such personal service within twenty-one (21) days of this Order. If no such proof of personal service is filed by that time, this Order will be vacated, and the matter dismissed for failure to prosecute, failure to comply with a Court order, among other potential bases.

IT IS SO ORDERED.